IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM C. OUTLAW, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:23-cv-121-TFM-B |
| | ) |
| SECURITY BENEFIT LIFE | ) |
| INSURANCE COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On November 29, 2023, the Magistrate Judge entered a Report and Recommendation ("R&R") which recommends that Plaintiff's Motion to Remand (Doc. 10) be granted and Defendants' Motions to Dismiss (Docs. 6, 26) be denied as moot. *See* Doc. 29. Defendants filed their respective objections. *See* Docs. 30, 31. Plaintiff filed his response to the objections. *See* Doc. 33. The R&R is now ripe for review and the Court finds that oral argument is not necessary for resolution.

Having reviewed the objections, the Court finds that they miss the mark and do not overcome the well-reasoned analysis of the Magistrate Judge[1] on the jurisdictional question of

---

[1] The Court does note that both sets of objections refer repeatedly to the "Magistrate" as opposed to the proper title and authority of Magistrate Judge. To be clear, the term magistrate was changed with the Judicial Improvements Act of 1990 – over 30 years ago. Section 321 of the Act changed the title officially to United States Magistrate Judge when it stated:

> After the enactment of this Act, each United States magistrate appointed under section 631 of title 28, United States Code, shall be known as a United States magistrate judge, and any reference to any United States magistrate or magistrate that is contained in title 28, United States Code, in any other Federal statute, or in any regulation of any department or agency of the United States in the executive branch that was issued before the enactment of this Act, shall be deemed to refer to

fraudulent joinder.  Additionally, the Court notes that both defendants rely heavily upon the case *Fred v. Producers Group,* Civ. Act. No. 7:11-cv-3232, 2012 WL 13020814, 2012 U.S. Dist. LEXIS 202636 (N.D. Ala. Aug. 29, 2012).  First, the Court notes that the correct case name is *German v. The Producers Group, et al*, Civ. Act. No. 7:11-cv-3232 (N.D. Ala.) and not *Fred* as both Defendants note in their objections.[2]  Second, the citation relied upon is a report and recommendation issued by the Magistrate Judge in that case.  While initially it seemed in the Defendants' references that it may be somewhat on point as persuasive authority, the subsequent history in the case rendered the persuasiveness of the authority to be useless.[3]  The report and recommendation referenced by Defendants was heavily modified after its original issuance and the objections were filed.  *See generally* docket sheet for Civ. Act. No. 7:11-cv-3232.  First, after the report and recommendation was issued, the Plaintiff filed a second amended complaint with

---

      a United States magistrate judge appointed under section 631 of title 28, United States Code.

H.R. Rep. No. 734, 101st Cong., 2d Sess. 31 (1990), *reprinted at* 1990 U.S.C.C.A.N. 6877; *see also Barron v. Sullivan*, 924 F.2d 227, 228 n. 1 (11th Cir. 1991) ("By section 321 of the Judicial Improvements Act of 1990, Congress has said that United States magistrates are now to be referred to as United States magistrate judges.") (citing Pub. L. No. 101–650, § 321 (December 1, 1990)). Importantly, 28 U.S.C. § 636 which provides the jurisdiction, powers, and assignments of magistrate judges makes it clear that they are in fact, ***judges***.  The Court cautions the parties for future reference to use the appropriate title when referring to a Magistrate Judge.

[2] The Court determined this when it went to access the case and discovered that it was not listed on Lexis.  The after accessing the docket sheet for the Northern District of Alabama, the Court determined the proper name and found the citation on Lexis.  The Court did find that Westlaw incorrectly identified the case name as *Fred*.  The Court then found it odd that neither Lexis nor Westlaw listed the subsequent history of the report and recommendation to show whether it was adopted or rejected.  Therefore, the Court went to directly to the source for review – that is, back to the docket sheet for the case.

[3] The Court assumes that Defendants were simply not diligent when reviewing the case for its persuasive authority but cautions the Defendants to review cases more carefully before relying upon them without at least pointing out relevant subsequent history or they may run afoul of their Rule 11 obligations.

objections to the report and recommendation. Then, in response to the objections, second amended complaint, and a renewed motion to dismiss, the Magistrate Judge issued an order converting the motions to dismiss to a motion for summary judgment which then included evidentiary materials for consideration. *Id*. at Doc. 43. That alone makes the case different from the situation at hand – a review under the summary judgment standard is quite different from one under a Rule 12(b)(6) motion to dismiss. Subsequently, the Magistrate Judge issued an amended report and recommendation which changed some of the recommendations including a discussion on tolling the statute of limitations. *Id*. at Doc. 44. Of note, this amended report and recommendation issued on November 29, 2012 was still not a final order of the court as it was still a report and recommendation. Further objections were filed. *See, e.g., id*. at Docs. 45, 46, 50, 52, 53, 59, 60, 61. Finally, the District Judge assigned the case held a hearing on January 9, 2013 to address the amended report and recommendation and objections. *See id*. at Doc. 51; Minute Entry dated 01/09/2013. The following day, on January 10, 2013, the District Judge issued an order terminating all pending motions, reports and recommendations, and objections, authorized a fourth amended complaint, and directed the parties to file a proposed Rule 16 scheduling order. *See id*. at 63. This brought the matter to a conclusion but did not affirmatively adopt or reject any of the analysis. The case ultimately settled at a mediation. *See* Doc. 76. The Court lays this case history out on the matter as both Defendants rely heavily upon the analysis of the original report and recommendation which was clearly never made final.

When reviewing the bulk of the material relied upon by the Defendants, the Court agrees with the Plaintiffs that Defendants look more towards summary judgment standards as opposed to motion to dismiss. However, the Court does note that in the context of fraudulent joinder, the standard is somewhat hybridized.

"[T]he determination of whether a [non-diverse] defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) and emphasis removed); *see also Bolden v. Nautilus Ins. Co.*, 2023 U.S. App. LEXIS 18267, 2023 WL 4614509 (11th Cir. July 19, 2023) (quoting *Legg* and same)  "The proceeding appropriate for resolving a claim of fraudulent joinder is *similar* to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56]." *Legg*, 428 F.3d at 1322-23 (emphasis added).  Accordingly, all contested issues of substantive fact and any uncertainties as to the current state of the law must be resolved in the plaintiff's favor. *See id.* at 1323; *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).  However, "[w]hile the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment . . ., the jurisdictional inquiry must not subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotations omitted).  "In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Pacheco de Perez*, 139 F.3d at 1380-1381 (quoting *Crowe*, 113 F.3d at 1538).  Put simply, the fraudulent joinder theory requires the defendants to prove that there is "[no] possibility that a state court would find that the complaint states a cause of action against . . . the [non-diverse] defendant[]." *Crowe*, 113 F.3d at 1538 (quotation marks omitted); *see also Restivo v. Bank of Am. Corp.*, 618 F. App'x 537, 539 (11th Cir. 2015) (quoting *Crowe*). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). The "potential

for legal liability must be reasonable," however, "not merely theoretical." *Legg*, 428 F.3d at 1325 n.5 (citation and internal quotation marks omitted). Stated differently, a court may deny the motion to remand *only* if there was no possibility that the plaintiff could have maintained a cause of action. *Henderson v. Wah. Nat'l Ins. Co.*, 454 F.3d 1278, 1281-82 (11th Cir. 2006). The court's "task is not to gauge the sufficiency of the pleadings in this case. [The] inquiry is more basic: [The court] must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient…" *Id*. at 1284; *see also Gonzalez v. J.C. Penney Corp*., 209 F. App'x 867, 869 (11th Cir. 2006) ("The burden of establishing fraudulent joinder is a heavy one.").

From the allegations in the plaintiffs' complaint and the evidence at hand, the Court is unable conclude that there is *no possibility* that the plaintiffs have stated a valid cause of action against Defendants. The Court need not rehash all the reasons here as the Magistrate Judge listed them out quite thoroughly. The cases cited by Defendants do not compel a different conclusion as they were decided at summary judgment – after the discovery process with the benefit of fully supported summary judgment motions and responses. Such is not the case here. Instead, when the Court construes the facts and any ambiguities in the law in favor of the Plaintiffs, a valid claim against Defendants may exist. Therefore, Defendants failed to carry the heavy burden of showing fraudulent joinder, federal diversity jurisdiction does not exist in this case, and the case should be remanded.

Consequently, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the objections (Docs. 30, 31) are **OVERRULED** and the Report and Recommendation (Doc. 29) is **ADOPTED** as the opinion of this Court. Accordingly, the

Plaintiffs' Motion to Remand (Doc. 10) is **GRANTED** and Defendants' motions to dismiss (Docs. 6, 26) are **DENIED as moot**.[4]

Pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Clarke County, Alabama.  The Clerk of Court is **DIRECTED** to take appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this 4th day of January, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[4] Nothing in this ruling precludes the issues raised in the motions to dismiss from being later raised in the state court proceedings.  Rather, this is solely a jurisdictional ruling based upon the information before the Court and taking all inferences, facts, and allegations in favor of the Plaintiffs.  It is for the state court to determine when it wishes to take up those matters within its case.